**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSH WEAVER, on his own behalf and others similarly situated,**

          **Plaintiff,**

**-vs-**                                     **Case No. 6:08-cv-83-Orl-22KRS**

**NICK BEARD d/b/a Sunset Lawn Care Services,**

          **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion:

> **MOTION:**    **MOTION TO WITHDRAW (Doc. No. 14)**
>
> **FILED:**       **May 13, 2008**

On January 18, 2008, Plaintiff Josh Weaver filed a complaint against Defendant Nick Beard for violation of the Fair Labor Standards Act. Doc. No. 1. The complaint was styled as a collective action. No other employees have filed notices to join in the action, and Weaver's counsel represents that he is unaware of any other employees who wish to join the action.

On May 14, 2008, Weaver's counsel filed the present motion seeking to withdraw as he has been unable to communicate with Weaver since the filing of the complaint. Doc. No. 14. A hearing on the motion to withdraw was set for June 2, 2008. Doc. No. 15. I ordered that Weaver personally appear before the Court at the hearing. Weaver was cautioned that failure to attend the hearing could

result in sanctions, including a recommendation that the presiding district judge enter an order dismissing the case without further notice. Counsel for Weaver represented that he served Weaver with the Court's order, and submitted a U.S. Postal Service Delivery Confirmation Receipt in support. Doc. No. 16.

At the hearing on the present motion, Weaver did not appear or otherwise contact the Court, or his attorney, regarding his inability to attend.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits the Court to dismiss Weaver' action, in whole or in part.

It is undisputed that Weaver failed to obey the Court's order requiring him to appear at the hearing. He was notified of the requirements of the order by his attorney at his last known address of record. As Weaver has failed to maintain contact with his attorney and failed to attend a hearing he was required to attend, I conclude that he has abandoned the litigation.

Accordingly, I respectfully recommend that the Court **GRANT** the Motion to Withdraw. Doc. No. 14. I further recommend that the case be **DISMISSED without prejudice** for failure to comply with a pretrial order of the Court as required by Federal Rule of Civil Procedure 16(f). If the Court adopts this recommendation, I recommend that the Clerk of Court be directed to close the file.

The Clerk is directed to serve a copy of this Report and Recommendation on Josh Weaver, 998 Oakwood Rd., Orange City, FL 32763.  **Mr. Weaver is cautioned that failure to file an objection to this Report and Recommendation within ten days from the date on which the Report and Recommendation is filed with the Court will likely result in dismissal of his case.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 6, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy